FREDERICK V. GREISMAN, Plaintiff, *v.* ALBANY MALLEABLE IRON COMPANY and Another, Defendants.

Supreme Court, Albany County, October, 1930.

*Stephen J. Daring* [*J. Sheldon Frost* of counsel], for the plaintiff.

*Whalen, Murphy, McNamee & Creble,* for the defendant Albany Malleable Iron Company.

STALEY, J.   The plaintiff moves in this action for the appointment of a receiver of the rents, profits, business and assets of the defendant Albany Malleable Iron Company.

The action is brought to foreclose a mortgage dated July 1, 1922, covering real property used by the defendants as a malleable iron foundry.  The mortgage also covers all personal property and equipment used in connection with the operation of the foundry plant together with all additions thereto, renewals thereof or substitutions therefor.

The complaint alleges a default in payment of interest and principal in accordance with the terms of the mortgage and the supplemental agreements between the parties.

It is expressly covenanted in the mortgage: " That upon filing in the county clerk's office of the county where said mortgaged premises are situated, a summons and complaint in an action to foreclose this mortgage, and a notice of pendency of the action, the plaintiff in said action shall, regardless of the adequacy of

security for the mortgage debt and regardless of the solvency or insolvency of mortgagor, be entitled without notice and as a matter of right to the appointment, by any competent court, of a receiver of the rents and profits of the mortgaged premises during the pendency of the action. And said rents and profits are hereby assigned to mortgagee for that purpose to be credited upon the amount due hereunder.

" That if default be made as to any obligation herein, or in said bond contained, to be performed by mortgagor, the (at the option of mortgagee) it shall be lawful for the mortgagee to enter upon all and singular the premises hereby granted. * * * "

A summons and complaint in foreclosure and notice of pendency of action have been filed in the county clerk's office, and there has been default in obligations to be performed by the mortgagor.

That the plaintiff is entitled to a receiver of the rents and profits is obvious — that he is not entitled to a receiver of the assets of the defendant is conceded. The controversy is narrowed to a determination of the question whether the plaintiff is entitled to a receiver of the business of the defendant conducted upon the mortgaged premises to maintain and preserve it as a going concern and of the property covered by the mortgage.

The mortgagee is primarily concerned in preserving the security of his mortgage, and his rights and remedies do not extend so far as specific property is concerned beyond the possession, income and sale of that security.

I find no authority permitting the court in a foreclosure action to appoint a receiver with power to take into custody any property intangible or otherwise of the mortgagor other than the property which is covered by the mortgage. On the contrary, there is authority which limits the power of the court to confine the subject of receivership to the mortgaged property and which hold that a court is without jurisdiction or power to take into its custody or control through a receivership property which is not covered by the mortgage. (*Scott v. Farmers' Loan & Trust Co.*, 69 F. 17.)

Section 150, subdivision 2, of the General Corporation Law of 1929 (formerly section 306, renum. section 150 and amd. by Laws of 1929, chap. 650) provides that a receiver of the property of a corporation can be appointed only by the court in a foreclosure action where the mortgage debt, or the interest thereupon, has remained unpaid for thirty days and payment thereof duly demanded and where either the income of the property is specifically mortgaged, or the property itself is probably insufficient to pay the mortgage debt.

The power of the court is necessarily limited by this statute, and

the party who seeks a receiver of the property in a foreclosure action against a corporation must bring himself within the conditions imposed by this statute to successfully invoke that remedy.

The papers disclose a default for more than thirty days, and the allegations of the complaint which has been served upon the defendant may be construed as a demand for payment. The affidavits submitted contain some evidence that the property is probably insufficient to pay the mortgage debt.

In addition the mortgage by its express covenant, upon any default, grants the right of possession to all the property covered by the mortgage to the mortgagee. The practical effect of this covenant is a waiver by the mortgagor of any conditions imposed by the statute other than the one upon which the right of possession under the covenant is predicated.

Order may be entered appointing a receiver of the property covered by the mortgage and of the rents and profits of the mortgaged premises and fixing the amount of the bond, without costs.